UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 6960 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, and | ) | |
| TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Johnson brought this action against three consumer reporting agencies—Defendants Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC—alleging that they violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq*., and acted negligently in violation of Illinois common law, by furnishing credit reports falsely stating that Johnson was delinquent on his child support obligations. After Defendants answered Johnson's amended complaint, Trans Union filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which Experian and Equifax were permitted to join. The motion is denied.

Defendants argue that they cannot be held liable under the FCRA because the statute affirmatively requires consumer reporting agencies to report information received from state or local child support enforcement agencies concerning a consumer's failure to pay overdue child support obligations. The relevant provision states:

> Notwithstanding any other provision of this subchapter, a consumer reporting agency shall include in any consumer report furnished by the agency in accordance with section 1681b of this title, any information on the failure of the consumer to pay overdue support which—
>
> (1) is provided—
>
> (A) to the consumer reporting agency by a State or local child support enforcement agency; or
>
> (B) to the consumer reporting agency and verified by any local, State, or Federal Government agency; and
>
> (2) antedates the report by 7 years or less.

15 U.S.C. § 1681s-1. Defendants maintain that they received information from the State of Illinois regarding Johnson's overdue child support obligations, and that they accordingly were obligated by § 1681s-1 to include such information, regardless of its accuracy, in their credit reports. And because the FCRA preempts "the laws of any State" that are "inconsistent with any provision" of the FCRA, *id*. § 1681t, and precludes liability "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information … except as to false information furnished with malice or willful intent to injure such customer," *id*. § 1681h(e), Defendants contend that they may not be held liable under Illinois statutory or common law for reporting information that § 1681s-1 required them to report.

Defendants' submissions fail at this juncture because the pleadings do not establish that the precise information they reported regarding Johnson's child support obligations was "provided" to them "by a State … child support enforcement agency." *Id*. § 1681s-1(1)(A). Although one might infer from the complaint and its exhibits, including the disputed credit reports and Johnson's letters to Defendants complaining that the reports were inaccurate, that a state agency in fact did provide Defendants with the child support information they reported,

judgment on the pleadings may not rest on inference alone. *See Iowa Physicians' Clinic Med. Found. v. Physicians Ins. Co. of Wis.*, 547 F.3d 810, 811 (7th Cir. 2008) ("on a motion for judgment on the pleadings, we accept the allegations in the complaint as true and draw all reasonable inferences in favor of" the non-movant).

To succeed on their argument that § 1681s-1 shields them from liability, Defendants must adduce undisputed evidence that a state (or local) agency provided them with the information they reported regarding Johnson's child support obligations, or that a state (or federal or local) agency verified that information. If Defendants move for summary judgment on that ground, they should specifically address whether and, if so, how § 1681s-1 affects Johnson's claim that they violated 15 U.S.C. § 1681i by failing to reinvestigate his child support situation after receiving his letters disputing their reports; alternatively, they should demonstrate that no reinvestigation was required under § 1681i or that they conducted a reinvestigation in compliance with § 1681i. Defendants also should specifically address Johnson's claim that they violated 15 U.S.C. § 1681e(b) by failing to follow "reasonable procedures to assure maximum possible accuracy" of Johnson's credit reports.

April 4, 2011

_____
United States District Judge